UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Comcast of Southern New England, Inc. ("Comcast") | ) Case No.: |
| Plaintiff, | ) COMPLAINT FOR VIOLATIONS OF 47 U.S.C. §553 |
| vs. | ) |
| George Laganas | ) |
| Defendant | ) MAGISTRATE JUDGE _RBC_ |

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY CLK.  _TDM_
DATE  12/14/04

### NATURE OF ACTION

1. Plaintiff Comcast of Southern New England, Inc. ("Comcast") brings this Complaint to redress injuries that it has suffered as a result of Defendant George Laganas's (hereinafter the "Defendant") cable television signal piracy.

2. The Defendant's use of four (4) statutorily prohibited electronic device(s) that descrambled and intercepted Comcast's cable television signals violated provisions of Title 47 U.S.C. § 553 and effectuated a conversion of the Plaintiff's property, its cable television signals.

### PARTIES

3. Comcast is a Massachusetts corporation and maintains a place of business at 6 Campanelli Drive, Andover, Essex County, Massachusetts.

4. The Defendant was and is an individual with his principal residence at 44 Nob Way, Lowell, MA 01852. Upon information and belief, the Defendant resided at 44 Nob Way, Lowell, MA at all times relevant to the said violations of 47 U.S.C. § 553.

### JURISDICTION AND VENUE

1

5. This action is brought pursuant to 47 U.S.C. § 553.

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1331. Venue is proper in the United States District Court in and for the District of Massachusetts pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

7. Comcast provides cable television services to subscribers in the Lowell area, and other areas in Massachusetts pursuant to franchise agreements with various municipalities.

8. Comcast is the successor-in-interest to the legal entity that held the prior cable television franchise in this area, and, as such successor, Comcast has the right to pursue the claims set forth herein even if said claims may have accrued during the time that the predecessor-in-interest held the cable television franchise.

9. In order to provide cable television services, Comcast pays fees to programmers for the right to receive programs, mostly by way of interstate radio communications, and transmit their programming over Comcast's system

10. The signals that Comcast transmits over its system are private, proprietary communications not intended for public use.

11. Subscribers pay Comcast based on the level of service they wish to receive.

12. In order to protect its signals and maintain the value of its services, Comcast electronically encodes or scrambles some of its signals so that they must first be decoded by electronic decoding equipment in order to be viewed clearly on a television receiver. The signals Comcast encodes or scrambles include premium channels, such as HBO, Showtime, and Cinemax, for which subscribers pay a separate monthly subscription fee, and pay-per-view events, such as a specific

movie, concert or sporting event, for which subscribers pay a specific one-time charge to view each event. Comcast provides subscribers with electronic decoding equipment (hereinafter referred to as "decoders") to decode these signals. Comcast programs these decoders so that a subscriber may only view that level of service, which he or she has purchased.

13. On or before December 14, 2001, the Defendant or some third party modified four (4) converters/decoders, without Comcast's authorization, thereby creating four (4) descrambling device(s).

14. The descrambling device(s) was/were capable of defeating Comcast's encoding and scrambling technology.

15. The Defendant used the descrambling device(s) to receive, without authorization, scrambled or encoded programming and services offered over Comcast's system.

16. By using the unauthorized and illegal descrambling device(s), the Defendant was able to view Comcast's highest level of cable television programming and service, including premium channels and pay-per-view events, while only paying for a lower level of service.

## COUNT I
### (Violation 47 U.S.C. § 553)

17. Comcast realleges and incorporates by reference paragraphs 1 through 16 above.

18. The Defendant's conduct violated Title 47 U.S.C. § 553(a).

19. Comcast is a person aggrieved by the Defendant's violation of Title 47 U.S.C. §553 and is authorized to institute this action pursuant to Title 47 U.S.C. § 553(c)(1).

20. The cable transmissions that make up Comcast's signal are communications services offered over a cable system and, as such, are protected by Title 47 U.S.C.

3

§ 553.

21. The Defendant knowingly and willfully violated Title 47 U.S.C. § 553.

22. Comcast did not authorize or consent to the Defendant's interception and use of its cable transmissions.

23. The Defendant's violations have injured Comcast's ability to generate revenue by depriving Comcast of payment for its programming.

## COUNT II
### (Conversion)

24. Comcast realleges and incorporates by reference paragraphs 1 through 23.

25. The Defendant exercised dominion and control over the Plaintiff's property, its cable television signals, without authorization or legal right to do so.

26. The Defendant's conduct was willful, intentional, malicious, and wrongful, with the intent to deprive the Plaintiff of the right to possession of its cable television signals.

27. As a direct and proximate result of the Defendant's conversion of the Plaintiff's signals the Plaintiff has suffered monetary damages; accordingly, the Defendant is liable for all of the Plaintiff's damages.

**WHEREFORE**, Comcast prays for Judgment against the Defendant and requests that the Court grant it the following relief:

1. Statutory damages of $10,000.00 for each violation of 47 U.S.C. § 553(a), totaling $40,000.00.

2. Money damages in favor of the Plaintiff for all damages the Plaintiff has suffered as a result of the Defendant's conversion;

3.  Comcast's attorney's fees and costs in prosecuting this lawsuit as provided for by 47 U.S.C. 553(c)(2)(C);

4.  The issuance of a permanent injunction pursuant to provisions of 47 U.S.C. § 553 utilizing the following language or language of a similar nature:

    "The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from the further use and/or distribution of electronic equipment designed for the unauthorized interception of signal in violation of provisions of Title 47."

5.  Post judgment interest pursuant to 26 U.S.C. § 1961; and

6.  Such other and further relief as this Court may deem just and proper.

> Respectfully Submitted for the Plaintiff,
> Comcast of Southern New England, Inc.
> By Its Attorney,

_____  
Date

_____  
John M. McLaughlin  
**Green, Miles, Lipton & Fitz-Gibbon**  
77 Pleasant Street  
P.O. Box 210  
Northampton, MA 01061  
Telephone: (413) 586-0865  
BBO No. 556328

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Comcast of Southern New England, Inc. vs. George Laganas

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   **None**

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                                YES ☐  NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                                YES ☐  NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                                YES ☐  NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                                YES ☐  NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                                YES ☒  NO ☐

   1. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION ☒         CENTRAL DIVISION ☐         WESTERN DIVISION ☐

   2. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION ☐         CENTRAL DIVISION ☐         WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ____John M. McLaughlin____
ADDRESS ____Green, Miles, Lipton & Fitz-Gibbon, 77 Pleasant Street, P.O. Box 210, Northampton, MA 01061____
TELEPHONE NO. ____(413) 586-0865____

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Comcast of Southern New England, Inc.

## DEFENDANTS
George Laganas

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John M. McLaughlin
77 Pleasant Street, P.O. Box 210
Northampton, MA 01061-0210 (413) 586-8218

ATTORNEYS (IF KNOWN)
Michael J. Tarshi
510 Essex Street
Lawrence, MA 01840 (978) 686-1821

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

1. U.S. Government Plaintiff
X 3. Federal Question (U.S. Government Not a Party)
2. U.S. Government Defendant
4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 |  | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country |  |  | Foreign Nation |  |  |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug |  | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | 423 Withdrawal 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws |  | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability |  | 640 R.R. & Truck | PROPERTY RIGHTS | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 820 Copyrights | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 830 Patent | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth In Lending | 690 Other | 840 Trademark | 850 Securities/Commodities/ Exchange |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability |  |  | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | 863 DIWC/DIWW(405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 730 Labor/Mgmt. Reporting & Disclosure Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | HABEAS CORPUS: | 740 Railway Labor Act | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing Accommodations | 530 General |  | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | 791 Empl Ret Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | X 890 Other Statutory Actions |
| 290 All other Real Property |  | 550 Civil Rights |  |  |  |
|  |  | 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
X 1 Original Proceeding
2 Removed from State Court
3 Remanded from Appellate Court
4 Reinstated or Reopened
5 Transferred from another district (specify)
6 Multidistrict Litigation
7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23
DEMAND $ $40,000.00
CHECK YES only if demanded in Complaint
JURY DEMAND: YES X NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____